**Arvil W. MILLER, Plaintiff-Appellant,**

v.

**NATIONAL FIDELITY LIFE INSURANCE COMPANY, Defendant-Appellee.**

No. 78–2753
Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Jan. 22, 1979.

---

\* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

A. Cecil Palmour, Summerville, Ga., for plaintiff-appellant.

Carter, Ansley, Smith & McLendon, H. Sanders Carter, Jr., Atlanta, Ga., for National Fidelity.

Before RONEY, GEE and FAY, Circuit Judges.

RONEY, Circuit Judge:

This is an appeal from a summary judgment in a Georgia diversity action involving the applicability of section 2 of the Federal Arbitration Act, 9 U.S.C.A. § 2, to an arbitration agreement in an insurance policy. Plaintiff Miller is a former co-pilot for Eastern Airlines, insured under a National Fidelity Life Insurance Company disability policy. The policy contains a provision requiring arbitration by medical referees on claims of permanent occupational disability. Under the policy, legal proceedings cannot be brought by claimant until 60 days after the arbitrators' determination of disability. Miller, claiming permanent disability under the policy, complied with initial steps of arbitration but filed suit in advance of a determination by the arbitrators seeking a declaratory judgment that the arbitration clause in the policy is invalid. Ruling that application of the Federal Arbitration Act was not precluded by the McCarran-Ferguson Act, 15 U.S.C.A. § 1012(b), and that the arbitration clause was valid under Georgia law, the district court granted summary judgment in favor of National Fidelity. We affirm.

In 1975, Miller filed a claim for benefits under the policy. The arbitration process commenced with Miller's medical examination. Before the medical referees reached a decision on Miller's disability, he filed suit for declaratory judgment contending that the policy's arbitration clause contravened provisions of the McCarran-Ferguson Act, 15 U.S.C.A. § 1012(b), and was so vague, contradictory, and burdensome that he should not be required to arbitrate.

Section 2 of the Federal Arbitration Act provides that arbitration clauses in written contracts evidencing a transaction involving commerce are "valid, irrevocable and enforceable . . . ." The Arbitration Act applies here to validate the arbitration clause if the policy is one involving commerce and if the McCarran-Ferguson Act, 15 U.S.C.A. § 1012, does not preclude application.

■ The McCarran-Ferguson Act precludes the application of federal laws if, as a result, laws of a state regulating insur-

ance would be invalidated, impaired, or superseded.

It is undisputed that the insurance policy involves interstate commerce. Miller argues that the McCarran-Ferguson Act bars the application of the Federal Arbitration Act to the business of insurance if the state involved has statutes regulating insurance. The McCarran-Ferguson Act provides in relevant part that

> No Act of Congress shall be construed to invalidate, impair, or supersede any law enacted by any State for the purpose of regulating the business of insurance,
>
> . . .

15 U.S.C.A. § 1012(b).

Although this Circuit has not addressed the effect of the McCarran-Ferguson Act on arbitration clauses in insurance policies, both the Tenth and the Second Circuits have held that the McCarran-Ferguson Act does not bar application of the Federal Arbitration Act to insurance contracts. *Hart v. Orion Insurance Co.*, 453 F.2d 1358, 1360 (10th Cir. 1971); *Hamilton Life Ins. Co. of N. Y. v. Republic Nat. Life Ins. Co.*, 408 F.2d 606, 611 (2d Cir. 1969). The basis of their decisions, like that of the district court here, was that the party seeking to avail itself of McCarran-Ferguson failed to show that application of the Arbitration Act would invalidate, impair, or supersede any particular state law which regulated the business of insurance.

█ Miller argues that the McCarran-Ferguson bar applies because Georgia has enacted statutes regulating business practices in the insurance industry. Ga.Code Ann. § 56–101, *et seq.* Miller does not identify any statute which would be impaired, invalidated, or superseded by the Arbitration Act. An examination of the insurance code reveals that it has no provision concerning arbitration clauses. The test under McCarran-Ferguson is not whether a state has enacted statutes regulating the business of insurance, but whether such state statutes will be invalidated, impaired, or superseded by application of federal law.

█ Based upon the clear meaning of 15 U.S.C.A. § 1012(b), the district court correctly concluded that McCarran-Ferguson did not apply and that the Federal Arbitration Act made the arbitration clause of the policy valid, enforceable, and irrevocable.

█ As an additional ground for summary judgment, the district court went on to rule that Georgia law did not prohibit such an arbitration clause. While it is true that Georgia law looks with disfavor on agreements to arbitrate *all* disputes under a contract, agreements to arbitrate *only specific* questions have been held enforceable. *Parsons v. Ambos*, 121 Ga. 98, 48 S.E. 696, 697 (1904); *West Point-Pepperell, Inc. v. Multi-Line Industries, Inc.*, 231 Ga. 329, 201 S.E.2d 452, 454 (1973). As long as the arbitration process does not work to "oust the courts of jurisdiction," Georgia courts will respect it. *Parsons*, 48 S.E. at 697. Furthermore, in contracts involving interstate commerce, Georgia courts will yield to federal law and apply the Federal Arbitration Act. *West Point-Pepperell*, 201 S.E.2d at 454.

█ Here the agreement provides that only the question of occupational disability will be submitted to medical referees for arbitration as a condition precedent to suit upon the policy. This type of contractual provision is valid and enforceable under Georgia law.

AFFIRMED.