## Michael and Linda Preziose v. Lumbermen's Mutual Casualty Co.

[568 A.2d 397]

No. 87-298

Present: **Allen, C.J., Peck, Gibson, Dooley and Morse, JJ.**

Opinion Filed October 13, 1989

*Quimette & Runcie,* Vergennes, for Plaintiffs-Appellants.

*Michael J. Gannon* of *Pierson, Affolter & Wadhams,* Burlington, for Defendant-Appellee.

**Allen, C.J.** Plaintiffs bring this interlocutory appeal from an order of the trial court staying their action and requiring their claims to be arbitrated within thirty days or their cause dismissed. The controlling question is whether the McCarran-Ferguson Act, 15 U.S.C. §§ 1011–1015, precludes the application of the Federal Arbitration Act (FAA), 9 U.S.C. §§ 1–15, to a claim made under the uninsured motorist provision of plaintiffs' automobile insurance policy. On the facts presented here, the question is answered in the negative.

Plaintiffs' action arose out of an automobile accident occurring in New York State in 1985. They initiated this action against the defendant seeking recovery under the uninsured motorist provision of their insurance policy. The insurance policy contains a clause providing both the insured and the insurer with the right to demand arbitration as a means for resolving any dispute as to the insured's entitlement to damages.[1] The

---

[1] The arbitration provision reads in full:

If we and a covered person do not agree:

1. Whether that person is legally entitled to recover damages under this Part; or

trial court granted defendant's motion to compel arbitration under the insurance policy, finding that the Federal Arbitration Act, 9 U.S.C. §§ 1–15 ("FAA"),[2] applies to this contract, thus requiring the parties to arbitrate their claim.

On appeal, plaintiffs argue that the McCarran-Ferguson Act, 15 U.S.C. § 1011, bars the application of the FAA to their insurance policy and that the trial court's ruling effectively invalidated, impaired or superseded Vermont laws, in violation of the McCarran-Ferguson Act. The McCarran-Ferguson Act provides that congressional acts may not be construed to "invalidate, impair, or supersede" a state law which has the purpose of "regulating the business of insurance." 15 U.S.C. § 1012(b). According to plaintiffs, the FAA does not specifically relate to the business of insurance and, therefore, its application is precluded by the McCarran-Ferguson Act. Moreover, plaintiffs assert that the Vermont Arbitration Act, 12 V.S.A. §§ 5651–5681

---

2. As to the amount of damages;
either party may make a written demand for arbitration. In this event, each party will select an arbitrator. The two arbitrators will select a third. If they cannot agree within 30 days, either may request that selection be made by a judge of a court having jurisdiction. Each party will:

1. Pay the expenses it incurs; and

2. Bear the expenses of the third arbitrator equally. Unless both parties agree otherwise, arbitration will take place in the county in which the covered person lives. Local rules of law as to procedure and evidence will apply. A decision agreed to by two of the arbitrators will be binding as to:

1. Whether the covered person is legally entitled to recover damages; and

2. The amount of damages. This applies only if the amount does not exceed the minimum limit for bodily injury liability specified by the financial responsibility law of the state in which your covered auto is principally garaged. If the amount exceeds that limit, either party may demand the right to a trial. This demand must be made within 60 days of the arbitrator's decision. If this demand is not made, the amount of damages agreed to by the arbitrators will be binding.

[2] Section 2 of the FAA provides that:

A written provision in . . . a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof, or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction, or refusal, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

("VAA"), and the Uninsured Motorist Act, 23 V.S.A. § 941, were created to regulate the business of insurance and that under these laws they can revoke the arbitration clause in their insurance policy. Plaintiffs believe that the exclusion of insurance contracts from the VAA's coverage makes arbitration clauses revocable under the common law.

■■ We decline to decide the issue raised by plaintiffs inasmuch as the VAA applies only to those agreements entered into and executed on or after July 1, 1985. 1985, No. 95, § 3. The parties' agreement was entered into before the accident on June 22, 1985. The arbitration clause contained in their insurance contract is, therefore, not subject to the provisions of the VAA.[3]

### Uninsured Motorist's Statute

Plaintiffs also argue that application of the FAA to require arbitration would invalidate or impair Vermont's uninsured motorist statute, 23 V.S.A. § 941.[4]

There is no express requirement in § 941 that disputes regarding uninsured motorists coverage be resolved in a court with the aggrieved party possessing rights to a trial by jury, to conduct discovery, to appeal or to have legal issues decided by a judge. Section 941's purpose is to "provid[e] coverage as if all drivers had been insured." *Muir v. Hartford Accident & Indemnity Co.*, 147 Vt. 590, 594, 522 A.2d 236, 238 (1987). This

---

[3] 1 V.S.A. § 213 does not require retrospective application of the VAA. While a new enactment dealing only with practice and procedure is to be applied to all actions whether commenced before or after its passage, *Murray v. Mattison*, 63 Vt. 479, 480, 21 A. 532, 532 (1891), the enforceability of arbitration agreements is a question of substantive law. *Southland Corp. v. Keating*, 465 U.S. 1, 12 (1984).

[4] Section 941(a) provides, in pertinent part, that:

No policy insuring against liability arising out of the ownership, maintenance or use of any motor vehicle may be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state unless coverage is provided therein, or supplemental thereto, for the protection of persons insured thereunder who are legally entitled to recover damages, from owners or operators of uninsured, underinsured or hit-and-run motor vehicles, for bodily injury, sickness or disease, including death, and for property damages resulting from the ownership, maintenance or use of such uninsured, underinsured or hit-and-run motor vehicle.

assures that the parties receive monetary benefits; it does not, as plaintiffs assert, assure the procedural formalities associated with a trial. Nor does § 941 provide the insured with a right to a final and binding decision on damages.

The trial court properly rejected plaintiffs' claim under the Vermont Uninsured Motorist provision that the costs associated with arbitration under the agreement at issue would diminish the amount recoverable by plaintiffs and therefore undermine the purpose of § 941 to extend full coverage to accident victims. Section 941 does not require that an insured receive the benefits he or she is entitled to under the uninsured motorist provision of his or her policy absent a deduction for reasonable costs incurred in obtaining those benefits. Moreover, § 941 furnishes coverage equal in amount to the proceeds the insured would have received had all the drivers involved in the accident been insured. It was not the intent of the Legislature that § 941 required a specific method of dispute resolution be employed in an uninsured motorist case.

██ Since enforcement of the arbitration clause at issue does not invalidate, impair, or supersede either the VAA or Vermont's Uninsured Motorist provision, the McCarran-Ferguson Act does not apply to bar application of the FAA.

*The controlling question is answered in the negative.*