**Bernard KLIMEK and Deborah Klimek, Plaintiffs–Appellants,**

v.

**HORACE MANN INSURANCE CO., Defendant–Appellee.**

**No. 292, Docket 93–7326.**

United States Court of Appeals, Second Circuit.

Argued Sept. 23, 1993.

Decided Jan. 20, 1994.

William P. Neylon, St. Johnsbury, VT (James Torrisi, Swainbank, Morrissette & Neylon, of counsel), for plaintiffs-appellants.

Thomas E. McCormick, Burlington, VT (Daniel L. Burchard and George A. Michak, McCormick, Fitzpatrick & Mertz, of counsel), for defendant-appellee.

Before: MESKILL, KEARSE and WINTER, Circuit Judges.

MESKILL, Circuit Judge:

The principal issue in this appeal is whether an insured who has settled with and released a fully insured tortfeasor without the consent of her underinsured motorist insurance carrier has thereby jeopardized the carrier's subrogation rights so as to entitle the carrier to refuse the insured's request for benefits without submitting to arbitration. The plaintiffs, Deborah Klimek and her husband, Bernard Klimek, appeal from a judgment entered in the United States District Court for the District of Vermont, Parker, *C.J.*, in favor of the defendant, Horace Mann Insurance Co. (Horace Mann), on Horace Mann's motion for summary judgment. *Klimek v. Horace Mann Ins. Co.*, 817 F.Supp. 430 (D.Vt.1993). We vacate and remand for further proceedings.

## BACKGROUND

On June 5, 1987, Deborah Klimek was injured in an automobile accident while she was riding as a passenger in a car driven and owned by Dwight Boyce. Boyce's car collided with a truck driven by George Galfetti and owned by Cooley Asphalt & Paving Corp., now known as Pike Industries (Pike). Boyce had a motor vehicle liability insurance policy with a coverage limit of $50,000 per person, and Pike had a $1 million motor vehicle liability insurance policy. The Klimeks had two insurance policies with Horace Mann (Policies). The Policies together provided underinsured motorist coverage of $300,000 per person and $600,000 per accident. The Klimeks claim damages in excess of $550,000.

The Klimeks sued Boyce, Galfetti and Pike in state court for damages arising from the accident. After a jury trial yielded no verdict, the Klimeks, with the consent of Horace Mann, settled their case against Boyce for $46,948.09. The Klimeks also settled their case against Galfetti and Pike (collectively "Pike") for $200,000, but Horace Mann did not consent to the settlement. As part of the settlements, the Klimeks issued general releases to Boyce and Pike.

The Klimeks then sought to recover approximately $303,000 from Horace Mann pursuant to the underinsured motorist provisions of their Policies. Horace Mann refused to pay any amount. The Klimeks thereafter filed the present action, seeking (1) a declaratory judgment pursuant to 28 U.S.C. § 2201 to establish the extent of Horace Mann's liability for underinsured motorist benefits under the Policies, (2) an order requiring Horace Mann to arbitrate the issue of damages, (3) payment under the underinsured motorist provisions of the Policies, and (4) punitive damages for breach of contract and bad faith denial of coverage. Jurisdiction was premised on diversity of citizenship pursuant to 28 U.S.C. § 1332(a)(1), the Klimeks being citizens of Vermont and Horace Mann being a citizen of Illinois.

Horace Mann's answer to the complaint alleged two special defenses. First, Horace Mann asserted that the Klimeks were barred from recovering any amount of underinsured motorist benefits because they had not exhausted the limits of all applicable insurance policies, as the Policies required. Second, Horace Mann asserted the special defense of estoppel, claiming that the Klimeks were estopped from seeking compensation from Horace Mann after having settled with Pike for an amount less than the limit of Pike's liability coverage.

Horace Mann moved for summary judgment, and the Klimeks moved for partial summary judgment on the issue of the extent of Horace Mann's liability under the underinsured motorist provisions of the Policies. Horace Mann claimed that the Klimeks' underinsured motorist coverage was unavailable in this case because Pike's liability insurance limit alone exceeded the amount of underinsured motorist coverage carried by the Klimeks. Horace Mann also asserted that the Klimeks' settlement with the release of Pike, to which Horace Mann had not consented, precluded the Klimeks' recovery because Horace Mann's subrogation rights with respect to Pike had thereby been extinguished. Finally, Horace Mann claimed that, even if the Klimeks were entitled to recover underinsured motorist benefits, such recovery must be offset by the amount already

obtained by the Klimeks through the settlements.[1]

The Klimeks argued that they were entitled to summary judgment by virtue of the plain language of the Policies, which provided coverage in the amount of $300,000, and the amount of damages claimed, which exceeded $300,000. The Klimeks also asserted that, even if their recovery should be offset by the amount of their settlement with Boyce, a setoff of the amount of the settlement with Pike, the fully insured tortfeasor, would be improper.

The district court granted Horace Mann's motion for summary judgment on the ground that the Klimeks' settlement with and release of Pike had deprived Horace Mann of its right to be subrogated to the Klimeks' right of action against Pike. The court concluded that the Klimeks had thus violated their statutory and contractual obligations to preserve all of Horace Mann's subrogation rights and were not entitled to collect any benefits under the Policies. The district court also denied the Klimeks' motion for partial summary judgment.

On appeal, the Klimeks claim that (1) the district court erred in determining that their settlement with and release of Pike barred their recovery of underinsured motorist benefits and (2) they are entitled to receive the $300,000 limit of their underinsured motorist coverage or, in the alternative, that amount offset by the amount of their settlement with Boyce.

## DISCUSSION

■ Before addressing the Klimeks' substantive claims, we first pause to consider the specific procedural context in which this appeal arises. At this point, the Klimeks do not seek an award of damages against Horace Mann; rather, they seek to compel Horace Mann to submit to arbitration on the question of the amount of damages to which the Klimeks are contractually entitled.[2] Horace Mann asserts that it is not obligated to arbitrate the amount of damages because the Klimeks' breach of their duties under the Policies released Horace Mann from any obligation to pay. Accordingly, the issue presented in this appeal, broadly stated, is whether Horace Mann has an obligation to provide underinsured motorist benefits and therefore must arbitrate the question of damages.

This issue presupposes, however, that this Court is the appropriate forum for deciding whether Horace Mann is obligated to provide underinsured motorist coverage to the Klimeks at all. Indeed, on this point, the parties seem to agree that judicial, rather than arbitral, resolution of the threshold question of coverage is proper.

To determine the validity of the parties' presupposition that we, rather than the arbitrators, should decide whether Horace Mann must provide coverage at all, we look to the arbitration clause contained in the Policies. That provision states in pertinent part:

> If any *person* making claim under coverage J [uninsured/underinsured motorist coverage] and the company do not agree that such *person* is legally entitled to recover damages from the owner or operator of an *uninsured motor vehicle* because of *bodily injury* to the *insured,* or do not agree as to the amount payable hereunder, then each party [shal]l, upon written demand of either, select a competent and disinterested arbitrator. The two arbitrators so named shall select a third arbitrator.... The arbitrators shall then hear and determine the question or questions so

---

1.  In its motion for summary judgment, Horace Mann also sought judgment in its favor with respect to Bernard Klimek on the ground that no claims or allegations in the complaint referred to him. Specifically, Horace Mann noted that the complaint included no loss of consortium allegations. The district court did not consider this claim, and we offer no view as to its merit.

2.  In their complaint, the Klimeks also sought a declaration of the extent of Horace Mann's liability under the Policies, payment by Horace Mann and an award of punitive damages. In light of the present posture of this case, the district court's decision and the parties' arguments on appeal, however, we view the Klimeks' principal claims in this Court to be that Horace Mann is obligated to pay underinsured motorist benefits, if any are due, and that Horace Mann must arbitrate the amount of damages.

in dispute, and the decision in writing of any two arbitrators shall be binding upon the *insured* and the company.

In this diversity jurisdiction case, we must construe the scope of the arbitration clause according to Vermont law. Our research reveals that the Vermont courts have addressed the meaning of an arbitration clause similar to that in the Policies only in one case and then only in dicta. In *Preziose v. Lumbermen's Mutual Casualty Co.*, 152 Vt. 604, 605, 568 A.2d 397, 398 (1989), the Vermont Supreme Court interpreted an arbitration clause in an uninsured motorist provision of an insurance contract to provide for arbitration of "any dispute" between the insured and insurer on the issue of the insured's entitlement to damages. The clause stated in pertinent part: "If we and a covered person do not agree ... [w]hether that person is legally entitled to recover damages under this Part; or ... [a]s to the amount of damages; either party may make a written demand for arbitration." *Id.* at 605 n. 1, 568 A.2d 397.

*Preziose* is not dispositive here, however, because of a critical difference between the arbitration clause at issue in *Preziose* and that in the Klimeks' Policies. The latter clause states that arbitration is available if the parties disagree as to the insured's legal entitlement to recover damages "from the owner or operator of an uninsured motor vehicle;" the *Preziose* clause does not include this additional language. Accordingly, the Vermont case law does not furnish an answer to the question presented in this appeal regarding the scope of the arbitration clause, and we must construe for ourselves the Policies' arbitration clause, like any contract language, as we believe a Vermont court would.

In our view, no dispute between the parties exists as to the Klimeks' legal entitlement to recover damages from Boyce, the first kind of dispute covered by the Policies' arbitration clause. By consenting to the Klimeks' settlement with Boyce, Horace Mann effectively conceded that Boyce is liable to the Klimeks to some extent. The parties do dispute, however, the question of the amount of damages that the Klimeks are legally entitled to recover from Horace Mann on behalf of the underinsured Boyce, the second kind of dispute covered by the Policies' arbitration clause.

Under the particular facts of this case, the disputed damages question implicates the question of Horace Mann's duty to provide underinsured motorist coverage. Indeed, the unresolved issue that underlies the parties' positions on appeal is whether Boyce is liable, jointly and severally with Pike, for all the Klimeks' damages regardless of Boyce's share of responsibility, or whether Boyce is liable for only those damages attributable to him. If the Klimeks' total damages are charged to Boyce without an apportionment of fault, Horace Mann might have to pay some damages that Pike in fact caused; Horace Mann's subrogation rights might thereby have been prejudiced by the Klimeks' settlement with and release of Pike. On the other hand, if an apportionment of fault is made, Horace Mann would pay no more than the amount of damages attributable to Boyce's negligence up to the policy limits. Under that scenario, Horace Mann's subrogation rights would not have been prejudiced by the Klimeks' settlement with and release of Pike. Determination of the amount of damages for which Boyce, and then Horace Mann as the insurer, are liable will thus affect whether Horace Mann is obligated to provide underinsured motorist coverage in this case. Also, if the total damages do not exceed the $246,-948.09 paid in the settlements, Horace Mann would pay nothing because any payment would constitute an excessive recovery.

■ Accordingly, the issues of coverage and damages are inextricably intertwined, and the entire dispute falls within the scope of the arbitration clause. Moreover, we know of no prohibition under Vermont law against submitting questions of law as well as questions of fact to arbitrators, as long as the submission accords with the parties' arbitration agreement. *Cf. In re Robinson/Keir Partnership*, 154 Vt. 50, 53, 573 A.2d 1188, 1190 (1990) (arbitration award will not ·be vacated on an issue of law unless arbitrator manifestly disregarded the law). In light of this conclusion, we reject the parties' underlying premise that the preliminary question of coverage here is subject to judicial, rather

than arbitral, resolution. Because the Klimeks have settled with both alleged tortfeasors, thus avoiding a jury verdict, the questions on this appeal are unanswerable short of arbitration. Therefore, we vacate the district court's decision that Horace Mann is not required to arbitrate and remand the matter to the district court with direction to order arbitration as to the entire controversy.

In ordering arbitration, the district court should make clear that, pursuant to the broad arbitration clause in the Policies, the parties have agreed that the issues to be decided by the arbitrators include, but are not necessarily limited to: *first*, the total damages; if they do not exceed $246,948.09, the amount that the Klimeks have already obtained through the settlements, Horace Mann will pay nothing because any further payment would constitute impermissible double recovery; and *second*, if the total damages exceed $246,948.09, the arbitrators must then decide (1) whether Horace Mann is obligated to provide underinsured motorist coverage at all, in light of the Klimeks' settlement with and release of Pike, the fully insured tortfeasor, which in turn depends on (2) whether that settlement and release without Horace Mann's consent breached the Klimeks' duties under the Policies, which in turn depends on (3) the amount of damages, if any, that Horace Mann must pay under the Policies, which in turn depends on (4) the amount of damages owed by Boyce under Vermont law, which in turn depends on (5) whether Boyce is liable for the Klimeks' total damages without regard to fault, or whether Boyce is liable only for those damages attributable to him.

 Horace Mann's offset claims, if relevant, should also be decided by the arbitrators. Finally, we note that, if Horace Mann seeks to raise any other defenses to its duty to provide underinsured motorist coverage, such as the Klimeks' alleged breach of their contractual duty to exhaust the limits of all applicable insurance policies, which defense was not asserted in this Court, that issue also would be subject to the arbitration, as would any claim that Horace Mann had waived such a defense.

## CONCLUSION

The judgment is vacated and the case is remanded to the district court for further proceedings consistent with this opinion.