It appears to me that the very essence of the dispute between the parties in this case arises out of the defendant's failure to pay the costs that the plaintiff incurred in repairing the covered automobile. It seems to me that the term "costs" in the arbitration agreement is broad enough to cover a dispute over expenses incurred in repairing a vehicle, which incidentally was the theory of the plaintiff's claim.[1]
The record, in fact, suggests that the reason given by the defendant for denying the claim was the fact that the plaintiff had failed to advise it before the "costs" were incurred, as provided for in the contract, and, even though the word "costs" is defined, it is clear that the dispute in this case is over the cost of services rendered in the repair of the covered vehicle. The law relating to the scope of arbitrable issues clearly states that "[a]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration,"Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.,473 U.S. 614, 626, 105 S.Ct. 3346, 3353, 87 L.Ed.2d 444 (1985).
The plaintiff also argues that because the provisions of the McCarran-Ferguson Act, 15 U.S.C. § 1012(b), leave to the States the regulation of the business of insurance, the preemption provisions of the Federal Arbitration Act ("F.A.A.") are precluded by Alabama's statute disfavoring specific enforcement of arbitration clauses.[2] Although the plaintiff did not raise the issue of the applicability of the McCarran-Ferguson Act in the trial court, she does raise it here as authority for sustaining the trial court's order refusing to stay the proceeding. The majority does not address this issue, but the Supreme Court of the United States and several other jurisdictions have. Because I believe that it will be hotly litigated in the future, I feel compelled to address it at this time.
The McCarran-Ferguson Act provides, in part, that "[n]o act of Congress shall be construed to invalidate, impair, or supersede any law enacted by any State for the purposes of regulating the business of insurance . . . unless such Act specifically relates to the business of insurance." 15 U.S.C. § 1012. Because the agreement in this case is a contract of insurance, the plaintiff argues that "the McCarran-Ferguson Act preserved to the States the right to regulate insurance and precluded the application of the F.A.A. to insurance contracts."
I have reviewed the cases cited by the plaintiff, MutualReinsurance Bureau v. Great Plains Mut. Ins. Co., 969 F.2d 931
(10th Cir. 1992), cert. denied, 506 U.S. 1001, 113 S.Ct. 604,121 L.Ed.2d 540 (1992), and Stephens v. American Int'l Ins.Co., 66 F.3d 41 (2d Cir. 1995), and find that in both cases state law specifically addresses insurance contracts. In theStephens case, a specific Kentucky statute prohibited compelling an insurance liquidator to arbitrate disputes concerning delinquency proceedings, and in Mutual ReinsuranceBureau, a specific Kansas statute provided for the validity of arbitration agreements except agreements in contracts of insurance. The plaintiff cites no specific individual statute that addresses insurance contracts in Alabama, but argues that Alabama's general statute, Ala. Code 1975, § 8-1-41(3), which states that agreements to arbitrate cannot be specifically enforced, would apply to contracts of insurance, especially in view of the provisions of the McCarran-Ferguson Act quoted above.
I cannot agree with the plaintiff's argument, because §8-1-41(3) is a general statute and is not specifically tailored to apply to "the regulat[tion] of the business of insurance."15 U.S.C. § 1012(b). My disagreement with the plaintiff is based upon my review of cases decided by the Supreme Court of the United States and other federal courts that have addressed the question presented, that being the impact of the F.A.A. on agreements to arbitrate in view of the provisions of the McCarran-Ferguson Act. The substance of these holdings, as I read them, is that a commonsense view of the word "regulates" would lead to the conclusion that in order to regulate insurance, the *Page 1275 
specific state law must not just have an impact on the insurance industry, but be specifically directed toward that industry. See, Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 50,107 S.Ct. 1549, 1554, 95 L.Ed.2d 39 (1987). The inevitable conclusion, based on my interpretation of these cases, is that the F.A.A. applies to contracts of insurance unless there is a state statute specifically directed toward that industry dealing with the validity of arbitration clauses in insurance contracts. In Pilot Life Insurance Co. v. Dedeaux, for example, the Supreme Court of the United States rejected an argument that Mississippi's bad faith law was a law regulating insurance under the provisions of the McCarran-Ferguson Act, and held that the F.A.A. applies to arbitration agreements in insurance contracts, unless there is a specific state statute that conflicts with the F.A.A. and the enforcement of an arbitration agreement would invalidate, impair, or supersede a state law regulating the business of insurance.
Barnett Bank of Marion County, N.A. v. Nelson, ___ U.S. ___,116 S.Ct. 1103, 134 L.Ed.2d 237 (1996), although not involving the F.A.A., does involve rights created by an act of Congress. In that case, the United States Supreme Court discussed the McCarran-Ferguson Act's antipreemption rule, which generally prohibits federal statutes from preempting state insurance laws, and held that a federal statute granting national banks in small towns the authority to sell insurance preempted a Florida state law prohibiting national banks from selling insurance.
In support of her argument that the F.A.A. is not applicable to insurance contracts because of the provisions of the McCarran-Ferguson Act, plaintiff has not cited any Alabama State law that would be invalidated, impaired, or superseded by the F.A.A., i.e., any law specifically forbidding the enforcement of arbitration clauses in insurance contracts. Moreover, the plaintiff's argument has been specifically rejected by the United States Court of Appeals for the Fifth Circuit in Miller v. National Fidelity Life Ins. Co.,588 F.2d 185 (5th Cir. 1979), where the Court said:
 "Miller does not identify any statute which would be impaired, invalidated, or superseded by the Arbitration Act. An examination of the insurance code reveals that it has no provision concerning arbitration clauses. The test under McCarran-Ferguson is not whether a state has enacted statutes regulating the business of insurance, but whether such statutes will be invalidated, impaired or superseded by application of federal law."
Miller, 588 F.2d at 187; see, also, Hart v. Orion Ins. Co.,453 F.2d 1358 (10th Cir. 1971); and Hamilton Life Ins. Co. of NewYork v. Republic Nat'l Life Ins. Co., 408 F.2d 606 (2d Cir. 1969).
The defendant argues that the Supreme Court adopted the McCarran-Ferguson test to reject an argument that Mississippi's bad faith law was a law regulating insurance and, therefore, not preempted by ERISA, citing and quoting from Pilot Life Ins.Co. v. Dedeaux, where the Court held:
 "Neither do the McCarran-Ferguson Act factors support the assertion that the Mississippi law of bad faith 'regulates insurance.' Unlike the mandated-benefits law at issue in Metropolitan Life, the Mississippi common law of bad faith does not effect a spreading of policyholder risk. The state common law of bad faith may be said to concern 'the policy relationship between the insurer and the insured.' The connection to the insurer-insured relationship is attenuated at best, however. In contrast to the mandated-benefits law in Metropolitan Life, the common law of bad faith does not define the terms of the relationship between the insurer and the insured; it declares only that, whatever terms have been agreed upon in the insurance contract, a breach of that contract may in certain circumstances allow the policyholder to obtain punitive damages. The state common law of bad faith is therefore no more 'integral' to the insurer-insured relationship than any State's general contract law is integral to a contract made in that State."
481 U.S. at 50-51, 107 S.Ct. at 1555. See also Smith v.Jefferson Pilot Life Ins. Co., 14 F.3d 562 (11th Cir.), cert. denied, *Page 1276 513 U.S. 808, 115 S.Ct. 57, 130 L.Ed.2d 15 (1994) (Georgia statute requiring an insurer to notify insureds of employer's termination of ERISA plan held not a law regulating the business of insurance under the McCarran-Ferguson Act test).
Based on the foregoing, I respectfully dissent.
HOOPER, C.J., concurs.
[1] She claimed that the defendant did not pay her claim for the costs she incurred for towing, getting a rental car, and getting her car repaired.
[2] Section 8-1-41(3), Ala. Code 1975.