## Don and Joan Little v. Allstate Insurance Company

[705 A.2d 538]

No. 95-063

Present: **Gibson, Dooley, Morse and Johnson, JJ., and Allen, C.J. (Ret.),
Specially Assigned**

Opinion Filed October 10, 1997

*Bruce M. Lawlor* of *Lawlor & Koitto*, Springfield, for Plaintiffs-Appellants.

*Michael J. Gannon* and *Joshua L. Simonds* of *Affolter Clapp Gannon, Ltd.*, Burlington, for Defendant-Appellee.

■ **Dooley, J.** This case presents the single issue of whether the Federal Arbitration Act (FAA) preempts the Vermont Arbitration Act (VAA) and makes irrevocable an agreement to arbitrate an uninsured

motorist coverage dispute. This issue was left open in *Preziose v. Lumbermen's Mutual Casualty Co.*, 152 Vt. 604, 607, 568 A.2d 397, 398-99 (1989), because the arbitration agreement in that case was entered into before the effective date of the VAA. We now decide that the FAA does preempt the VAA, and the agreement to arbitrate is irrevocable. We affirm.

Plaintiffs Don and Joan Little have a dispute with defendant Allstate Insurance Co. over uninsured motorist coverage for injuries sustained in an automobile accident. Pursuant to a provision in the policy, defendant seeks to submit the dispute to arbitration. Plaintiffs want the Windsor Superior Court to resolve the dispute. That court sided with defendant and dismissed this action.

The single issue involves the interrelationship of three statutes. The first is § 2 of the FAA which provides:

> A written provision in . . . a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract . . . or the refusal to perform the whole or any part thereof, or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction, or refusal, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

9 U.S.C. § 2.

The second statute is the provision of the VAA that excludes from its coverage "arbitration agreements contained in a contract of insurance." 12 V.S.A. § 5653(a) (Cum. Supp. 1996). The effect of this provision is to leave the law governing such arbitration agreements to the common law, which allows revocation of such an agreement at any time up to the publication of an award. See *Fairchild v. West Rutland Sch. Dist.*, 135 Vt. 282, 286, 376 A.2d 28, 31 (1977).

If these two statutes were the only ones involved in this litigation, the result would be obvious. The insurance contract between plaintiffs and defendant evidences "a transaction involving commerce" and, therefore, § 2 of the FAA applies to the arbitration provision. See *Allied-Bruce Terminix Cos. v. Dobson*, 513 U.S. 265, 277 (1995). Plaintiffs raise no grounds "as exist at law or in equity for the revocation of any contract" to revoke their agreement to arbitrate their dispute with defendant. Thus, § 2 of the FAA mandates that the arbitration agreement is "valid, irrevocable, and enforceable." Under

the Supremacy Clause of the United States Constitution, U.S. Const. art. VI, cl. 2, the FAA would govern over the Vermont common law as the supreme law of the land. See *Southland Corp. v. Keating*, 465 U.S. 1, 11 (1984).

The complication is introduced by the third statute, the McCarran-Ferguson Act, a federal statute intended to leave most regulation of the insurance industry to the states. Section 2 of that Act provides, in part:

> (b) No Act of Congress shall be construed to invalidate, impair, or supersede any law enacted by any State for the purpose of regulating the business of insurance . . . unless such Act specifically relates to the business of insurance.

15 U.S.C. § 1012(b).

■ Since the FAA does not specifically relate to the business of insurance, this statute prevents the FAA from preempting the exclusion of the VAA if that exclusion, or the underlying common law, was enacted "for the purpose of regulating the business of insurance." *Id.* Whether this is so is the narrow question before us.

In *Union Labor Life Insurance Co. v. Pireno*, the United States Supreme Court identified three main factors to determine whether a state law involved the business of insurance:

> *[F]irst*, whether the practice has the effect of transferring or spreading a policyholder's risk; *second*, whether the practice is an integral part of the policy relationship between the insurer and the insured; and *third*, whether the practice is limited to entities within the insurance industry.

458 U.S. 119, 129 (1982). These factors are consistent with the Court's view that Congress was concerned with regulation of the business of insurance: the "relationship between insurer and insured, the type of policy which could be issued, its reliability, interpretation, and enforcement." *Securities & Exch. Comm'n v. National Sec., Inc.*, 393 U.S. 453, 460 (1969). Regulation of payment of claims fits within the business of insurance. *United States Dep't of Treasury v. Fabe*, 508 U.S. 491, 504 (1993).

We agree with plaintiffs that the business of insurance includes whether disputes between insurer and insured are resolved in litigation or in arbitration. This issue meets the three-part test of *Pireno* and involves the relationship of insured and insurer with respect to enforcement of the insurance contract.

The more difficult hurdle for plaintiffs is whether the VAA "regulates" the business of insurance. Implied in our resolution of *Preziose* is the holding that our common-law rule making arbitration agreements revocable up to the time of award is not a state law regulating the business of insurance. See *Miller v. National Fidelity Life Ins. Co.*, 588 F.2d 185, 187 (5th Cir. 1979) (plaintiff could not identify any state insurance statute that would be impaired, invalidated, or superseded by FAA); *Hart v. Orion Ins. Co.*, 453 F.2d 1358, 1360 (10th Cir. 1971) (laws of general applicability pertaining to methods of handling contract disputes are not laws enacted for purpose of regulating the business of insurance); *Hamilton Life Ins. Co. v. Republic Nat'l Life Ins. Co.*, 408 F.2d 606, 611 (2d Cir. 1969) (same); *Ainsworth v. Allstate Ins. Co.*, 634 F. Supp. 52, 56-57 (W.D. Mo. 1985) (enforcement of arbitration clauses pursuant to FAA would not invalidate, impair or supersede any state law regulating the business of insurance). All the insurance contract exclusion from the VAA has done is to allow insurance arbitration agreements to continue to be governed by the common law. Thus, the VAA regulates those arbitration agreements subject to its terms. Those that are excluded are *not* regulated by the VAA.

We emphasize that the Vermont Legislature has not specifically acted to make insurance arbitration agreements revocable. See *Mutual Reinsurance Bureau v. Great Plains Mut. Ins. Co.*, 969 F.2d 931, 934 (10th Cir. 1992) (provision of Kansas Arbitration Act that made arbitration agreements irrevocable, but specifically excluded provisions in insurance contracts, is law enacted for purpose of regulating business of insurance). Instead, the Legislature has chosen not to regulate insurance arbitration agreements at all. We cannot conclude that the VAA is a law enacted for the purpose of regulating the business of insurance.

*Affirmed.*