UNITED STATES COURT OF APPEALS
For the Fifth Circuit

No. 97-30970

JOHN L WELLS, ON BEHALF OF LESLIE L WELLS,
ON BEHALF OF RYAN WELLS, ON BEHALF OF JANET WELLS,
INDIVIDUALLY & AS THE ADMINISTRATOR OF THE ESTATE,

Plaintiff - Appellant,

VERSUS

STATE FARM MUTUAL AUTOMOBILE INSURANCE CO,

Defendant

G A N NATIONAL INSURANCE CO,

Defendant - Appellee.

Appeal from the United States District Court
For the Western District of Louisiana
(97-CV-1336)

May 6, 1998

Before WIENER, BARKSDALE, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Wells appeals the district court's order denying his motion to
compel arbitration and staying the federal suit pending the

_____

[*] Pursuant to Local Rule 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in Local Rule 47.5.4.

resolution of a parallel state court proceeding.  We have jurisdiction under 28 U.S.C. § 1291, *see Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 8-13 (1983), and now reverse.

## I

The district courts have a "virtually unflagging obligation" to exercise the jurisdiction given to them.  *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976).  Where there is concurrent jurisdiction between federal and state courts in a particular suit, "[o]nly the clearest of justifications will warrant dismissal" or stay of the federal proceedings.  *Id*. at 818-19.  In *Colorado River*, the Supreme Court announced four factors a district court is to consider in determining whether to exercise jurisdiction in a concurrent jurisdiction situation: (1) whether a court has assumed jurisdiction over property at issue; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; and (4) the order in which jurisdiction was obtained by the concurrent forums.  *Id*. at 818.  The Supreme Court later added two other considerations: the extent to which federal law applies to the suit and the adequacy of the state-court proceeding to protect the parties' respective rights.  *See Moses H. Cone*, 460 U.S. at 23-26.  Applying these factors to the instant case, we hold that there is no justification for the district court's surrender of jurisdiction.

2

The first **Colorado River** consideration is not relevant here. The other factors lie in favor of the district court exercising jurisdiction over the case. GAN is a national corporation and would not be prejudiced by litigating in the district court in Louisiana. There is no concern of piecemeal litigation as GAN admits that no court, state or federal, has decided the arbitrability issue. The res judicata effect of the district court's ultimate ruling on the arbitrability issue further lessens the concern over piecemeal litigation. Though GAN filed its state court suit before Wells instigated the federal proceeding, priority of jurisdiction is not "measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions." **Moses H. Cone**, 460 U.S. at 21-22. GAN points out in its brief that the state court trial has been delayed due to a very time-intensive case pending in that forum and that a trial date has not been set. "In realistic terms, the federal suit was running well ahead of the state suit at the very time that the District Court decided to refuse to adjudicate the case." **Id**. at 22. Finally, just as in **Moses H. Cone**, there is a strong federal interest in this case to move the parties to an arbitrable dispute out of court and into arbitration as quickly and easily as possible, and because of the phrasing of the Federal Arbitration Act (FAA), *see* 9 U.S.C. § 4, the state-court proceeding may be inadequate to protect Wells' rights. *See* **Moses H. Cone**, 460 U.S.

3

at 23-27.  The district court's stay frustrates the statutory policy of providing an expeditious and summary hearing to resolve the arbitrability of the dispute.  *See id*. at 22.


## II

GAN's argument that the FAA does not apply to this litigation due to the McCarren-Ferguson Act is without merit.  *See* **Miller v. National Fidelity Ins. Co.**, 588 F.2d 185, 187 (5th Cir. 1979).


## III

The federal district court construed this case to be an attempted appeal from the actions of the state court.  The court therefore decided to stay proceedings based on the *Rooker-Feldman* doctrine, which provides that federal courts "lack jurisdiction to entertain collateral attacks on state judgments." **United States v. Shepherd**, 23 F.3d 923, 924 (5th Cir. 1994).  While the state court has indeed imposed an injunction on Wells, there is no final state judgment.  As a result, the state court's actions have no res judicata effect because the pertinent issue of law -- whether the parties are obligated to arbitrate their dispute -- has not been "actually litigated and determined by a valid and final judgment." CHARLES ALAN WRIGHT, LAW OF FEDERAL COURTS § 100A, at 724 (5th ed. 1994). Consistent with its roots in the doctrine of res judicata, the *Rooker-Feldman* doctrine likewise cannot apply to prevent litigation

4

of a legal issue in federal court when the issue of law has not been actually litigated and determined by a valid and final judgment.

## IV

The judgment of the district court staying the federal proceedings is REVERSED. We REMAND for further proceedings consistent with this opinion, including deciding the arbitrability issue.